# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT PORTER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 04-1228 |
| | ) Judge Nora Barry Fischer |
| A. KING, Correction Officer; | ) |
| ORENBAUN, Correction Officer; | ) |
| CONNOR, Correction Officer; | ) |
| MARK CAPOZZA, Unit Manager; | ) |
| DURCO, (Sergeant); | ) |
| LIEUTENANT BALL; and | ) |
| SERGEANT NEGLEY, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pending before the Court are several motions in limine filed by the parties in this action. The Court will address each, in turn.

　　　1.　　*Docket No. 123 - Defendants' Motion in Limine*

In this Motion, Defendants seek to preclude Plaintiff from admitting certain evidence at trial, including the testimony of witnesses and specified exhibits. (Docket No. 123). Subsequent to the filing of this motion, the parties entered into a series of stipulations which in large part resolve the issues raised in Defendants' motion. (Docket No. 136). The remaining issues have been further resolved in part by way of Plaintiff's response to said motion indicating that he did not object to same. (Docket No. 137). Accordingly, to the extent that the motion has been resolved by the parties, the Court orders that the parties are bound by their stipulations and/or representations and the motion is denied, as moot. However, several matters set forth in Defendants' motion appear to remain

unresolved by the parties' stipulations. Accordingly, the Court will now address them.

With respect to Plaintiff's proposed Exhibit 23, a handwritten document drafted by Plaintiff and dated October 20, 2002, Defendant argues that the matters contained therein are not relevant and should be excluded at trial under Rules 401, 402 and 403 of the Federal Rules of Evidence. (Docket No. 123 at ¶¶ 18-21). Plaintiff has agreed that portions of this exhibit are not relevant (Docket No. 136 at ¶ 4(c)(1)-(2)) but argues that certain passages address the facts and circumstances surrounding the incident in question, including what appears to be a timeline of events. (Docket No. 137 at ¶¶ 24-28).

Defendants also object to the admission of Plaintiff's proposed exhibit 27, a declaration signed by David Serrano and dated December 28, 2006. (Docket No. 123). Defendants have withdrawn their objection to David Serrano's testimony at trial, (Docket No. 136), but it appears that they continue to object to the admission of this declaration based on relevance as the declaration was written four years after the incident in question took place (Docket No. 123). In response, Plaintiff maintains that the statements contained in this declaration are relevant to the instant matter. (Docket No. 137).

Finally, Defendants object to Plaintiff's proposed exhibit 31, described as a "mish-mash of Plaintiff's inmate records" arguing that the documents are not related to Plaintiff's claims and, therefore, are not relevant to this matter. (Docket No. 123 at ¶¶ 31-33). In response, Plaintiff's counsel maintains that she is in the process of verifying the contents of this exhibit with Plaintiff to determine which of these documents are relevant. (Docket No. 128). As a result, Plaintiff requests that proposed exhibit 31 not be precluded from admission at trial at this time.

In resolving Defendants' objections, the Court is mindful that this matter is set for a bench

trial. It has been held that:

> Rule 403 has no logical application to bench trials. Excluding relevant evidence in a bench trial because it is cumulative or a waste of time is clearly a proper exercise of the judge's power, but excluding relevant evidence on the basis of 'unfair prejudice' is a useless procedure. Rule 403 assumes a trial judge is able to discern and weigh the improper inferences that a jury might draw from certain evidence, and then balance those improprieties against probative value and necessity. Certainly, in a bench trial, the same judge can also exclude those improper inferences from [her] mind in reaching a decision.

*I.B.E.W. Local Union 380 Pension Fund v. Buck Consultants et al.*, Civ. A. No. 03-4932, 2008 U.S. Dist. LEXIS 43435, at *9-10 (E.D.Pa. June 3, 2008)(quoting *Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981)). Moreover, a leading treatise explains that:

> [i]n nonjury cases the district court can commit reversible error by excluding evidence but it is almost impossible for it to do so by admitting evidence. The appellate court will disregard the inadmissible evidence and hold that its admission was harmless if there was competent evidence to sustain the findings of the court.

11 Wright, Miller & Kane, Federal Practice & Procedure § 2885 (2008); *see also Martin v. Monumental Life Ins. Co.*, 240 F.3d 223, 235 (3d Cir. 2001)(exclusion of evidence in bench trial reviewed by the Court of Appeals under harmless error standard of FED.R.CIV.P. 61).

Given that this matter is set for a bench trial, and upon consideration of the parties' submissions, Defendants' motion [123] is GRANTED IN PART AND DENIED IN PART. Specifically, the Court finds the following:

    a.    Defendants' motion to preclude proposed exhibit 23 is denied, and the Court will admit a redacted version of the letter according to the parties' stipulations;

    b.    Defendants' motion to preclude proposed exhibit 27 is denied; and

  c. Defendants' motion to preclude proposed exhibit 31 is granted, without prejudice to Plaintiff presenting any documents contained therein which are relevant to this proceeding. The Court will not conduct its own review to determine which of the documents are relevant. Accordingly, Plaintiff shall determine which of the documents contained in exhibit 31 are relevant and submit same to Defendants for their review. The parties are then ordered to meet and confer in an effort to reach agreement on any remaining exhibits prior to the Court's scheduled Pretrial Conference on **<u>Friday, February 13, 2009 at 1:00 p.m.</u>** The parties will present the Court with any further objections to those documents at that time, supplying the Court with copies of any documents to which an objection remains.

2. *Docket No. 124 - Plaintiff's Motion in Limine to Admit into Evidence Certain Portions of Department of Corrections Policies, Procedures and Video Footage of Plaintiff Taken Pursuant Thereto*

  Upon consideration of Plaintiff's Motion in Limine to Admit into Evidence Certain Portions of Department of Corrections Policies, Procedures and Video Footage of Plaintiff Taken Pursuant Thereto (Docket No. [124]), Defendants' response thereto (Docket No. [135]) and the parties' pretrial stipulations related to same (Docket No. [136]), and finding that the issues raised in this motion have been resolved, it is hereby ordered that Plaintiff's Motion [124] is DENIED, as moot.

3. *Docket No. 126 - Plaintiff's Motion in Limine to Exclude Evidence of Crimes, Wrongs or Acts of Plaintiff*

  Upon consideration of Plaintiff's Motion in Limine to Exclude Evidence of Crimes, Wrongs or Acts of Plaintiff (Docket No. [126]), and Defendants' response thereto (Docket No. [133]) in which they indicate that they do not seek to enter evidence of this type at trial, it is hereby ordered

that Plaintiff's Motion [126] is GRANTED and Defendants shall be precluded from presenting this type of evidence at trial.

4. *Docket No. 128 - Plaintiff's Motion in Limine to Admit into Evidence Witness Testimony of Recently Discovered Witnesses & Docket No. 132 - Defendants' Supplemental Motion in Limine*

In Plaintiff's Motion in Limine to Admit into Evidence Witness Testimony of Recently Discovered Witnesses, Plaintiff seeks a pretrial ruling on the admissibility of testimony by witnesses not listed on his Witness List (Docket No. [109]) or Supplemental Witness List and Offers of Proof (Docket No. [113]). (Docket No. 128). Initially, this motion sought the introduction of testimony of Christopher Brown, Albert Danzler and Gary Teet, former inmates at SCI-Greene who purportedly have personal knowledge of the incident that gave rise to this dispute. (*Id*.). However, Plaintiff has agreed to withdraw this motion with respect to Brown and Danzler, making the testimony of Gary Teet the subject of this motion. (Docket No. 136). To this point, Plaintiff has not offered any specific proffer regarding the proposed testimony of Teet, except that he purportedly has "personal knowledge of the incident." (Docket No. 128 at ¶ 11).

Defendants oppose Plaintiff's motion "because inmate Teet's cell history reveals that he was in a location where he could neither have seen nor heard the relevant events of September 16, 2002." (Docket No. 134 at ¶ 7). Defendants argue that the incident occurred in the "SMU at SCI-Greene in H Block, B Pod, somewhere between cells 9 and 10, or in the common area outside of those cells" but that on the date in question Teet was confined in the A Pod in H Block. (Docket No. 134 at ¶¶ 8-9). Therefore, Defendants contend that by virtue of Teet's location in the prison, he could not possibly have had personal knowledge of the events in question. In support of their position, Defendants have provided the Court with a schematic drawing of the H-Block section of SCI-Greene

and Teet's cell history. (Docket No. 134-2).

Defendants then filed a Supplemental Motion in Limine on February 10, 2009, arguing that Plaintiff should be precluded from introduction of testimony from another previously undisclosed inmate witness, John Taylor-Bey. (Docket No. 132 at ¶ 4). Defendants maintain that while they had informally agreed to not oppose Plaintiff's motion to admit testimony of newly discovered witnesses on the basis that they had not been listed in Plaintiff's witness lists, that Taylor-Bey was introduced after this agreement and Plaintiff should be precluded from presenting his testimony at trial. (*Id*. at ¶ 5). In addition, Defendants advance a similar argument as with Teet's testimony, contending that Taylor-Bey was housed in the C Pod of H-Block, SCI-Greene at the time of the incident in question and could not have any personal knowledge of the incident. (*Id*. at ¶¶ 7-10). Defendants again present the Court with Taylor-Bey's cell history and a schematic of the H-Block section of SCI-Greene. (Docket No. 132-2).

The Court finds that the procedural history of this case is relevant to the instant motion. This action was filed by Mr. Porter *pro se* on August 17, 2004 (Docket No. 1) and the matter was referred to Magistrate Judge Lisa Pupo Lenihan. Judge Lenihan granted Plaintiff's motion to proceed *in forma pauperis*, and his complaint was filed on September 9, 2004. (Docket No. 3). After Defendants' motion for summary judgment was resolved, on March 10, 2008, Judge Lenihan issued an order requiring Plaintiff and Defendants to file a pretrial narrative statement, including the names and addresses of all witnesses whom the parties intended to call at trial. (Docket No. 90). In response to this order, Plaintiff filed his pretrial narrative statement on March 31, 2008. (Docket No. 94). Plaintiff's narrative statement contains a detailed list of witnesses he expected to call at trial, evidence that he purported to present and his claim of damages. Neither inmate Teet nor inmate

Taylor-Bey was included on Plaintiff's initial list of witnesses.

Thereafter, on March 31, 2008, Judge Lenihan granted Plaintiff's motion for appointment of counsel. (Docket No. 93). Plaintiff then elected to have his case randomly assigned to a United States District Judge (Docket No. 95) and this case was referred back to the undersigned Judge (Docket No. 102). After a series of attorneys declined requests to represent Plaintiff in this matter, Plaintiff's current counsel Kristi L. Johnson, Esq. accepted a pro bono appointment to represent Mr. Porter at trial and entered her appearance on September 12, 2008. (Docket No. 103). Co-counsel Robert J. Ridge, Esq. entered his appearance on September 18, 2008. (Docket No. 106). The Court then convened a telephone status conference on October 3, 2008 to discuss the case with counsel and the contents of a proposed pretrial order. (Docket No. 107). The pretrial order was issued on October 8, 2008. (Docket No. 108). That order provides, in pertinent part, that:

> Plaintiff shall file and serve his list of trial witnesses, listing separately the witnesses he will call and the witnesses he may call if needed (other than purely for impeachment). For each witness listed Plaintiff shall provide an offer of proof explaining the substance of the witness' testimony. The offers of proof shall be no more than one (1) double-spaced page with twelve (12) point font. Plaintiff's witness list and offers of proof shall be due by **November 3, 2008**. In addition, Plaintiff shall file and serve any supplemental witness list or offers of proof on or before **November 26, 2008**. Upon receipt of Defendants' exhibits, Plaintiff shall have up to **November 26, 2008** to supplement his listing of exhibits.[1]

(Docket No. 108 at ¶ 3(a)).

Pursuant to this order, Plaintiff filed his Witness List on November 3, 2008 (Docket No. 109)

---

[1] The Court notes that the Pretrial Order follows this Court's Practices and Procedures which incorporate the Local Rules of Court for the United States District Court for the Western District of Pennsylvania and the Federal Rules of Civil Procedure. Both require disclosure of witnesses. *See* L.R.W.D.Pa. 16.1.4; Fed.R.Civ.P. 16.

and his Supplemental Witness List on November 26, 2008 (Docket No. 113). Neither of these documents contained any reference with respect to Plaintiff offering the testimony at trial of inmates Teet or Taylor-Bey. In the period between the filing of these witness lists and the present, Plaintiff did not seek to amend his witness lists or seek leave of Court from the deadlines contained in the Pretrial Order. Plaintiff's intention to offer the testimony of inmate Teet at trial was only brought to the Court's attention upon the filing of Plaintiff's motion in limine filed on January 31, 2009. (Docket No. 128). With respect to inmate Taylor-Bey's testimony, the Court was notified of such intention by Defense counsel in Defendants' supplemental motion filed on February 10, 2009. (Docket No. 132). Further, in Plaintiff's motion, he presents no offer of proof with respect to the content of inmate Teet's testimony, (Docket No. 128), and the Court has not received any offer of proof with regard to inmate Taylor-Bey's proposed testimony. The Court therefore cannot evaluate whether the testimony of either proposed witness is relevant and/or necessary to the instant matter. In addition, Defendants' arguments in opposition to the admission of both inmates' testimony at trial based on jail records indicating that neither was present during the September 16, 2002 events are well taken.

Accordingly, given that Plaintiff has had multiple opportunities to list inmates Teet and Taylor-Bey as witnesses in this matter but has failed to do so, *see Coalition to Save Our Children v. State Bd. of Educ. of State of Del.*, 90 F.3d 752, 775 (3d Cir. 1996)(holding that a district court's exclusion of a witness's testimony at trial due to a parties' failure to adhere to a pretrial order does not constitute an abuse of discretion), has not presented the Court with an offer of proof regarding either inmates' potential testimony at trial, precluding the Court's review of the relevance of said proposed testimony, *see* FED.R.EVID. 401, and considering Defendants' objections to the admission

of both inmates' testimony, it is hereby ordered that Plaintiff's motion to admit the testimony of inmate Teet [128] is DENIED and that Defendants' motion to preclude the testimony of inmate Taylor-Bey [132] is GRANTED.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: February 12, 2009

cc/ecf: All Counsel of Record.